# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Bogumila Jochim

### DEFENDANTS
Jean Madeline Education Center of Cosmetology, Inc. d/b/a "The Jean Madeline Aveda Institute; Jean Madeline, Inc.; and Samuel Lehman

**(b)** County of Residence of First Listed Plaintiff __Philadelphia__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant __Philadelphia__
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
DeNittis Osefchen, P.C.
525 Route 73 North, Suite 410
Marlton, NJ 08053

Attorneys *(If Known)*
unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §201, et seq.

Brief description of cause:
unpaid wages

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ cannot be determined at this time

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 11/11/13

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOGUMILA JOCHIM, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JEAN MADELINE EDUCATION CENTER OF COSMETOLOGY, INC., d/b/a "THE JEAN MADELINE AVEDA INSTITUTE"; JEAN MADELINE, INC.; and SAMUEL LEHMAN,<br><br>Defendants. | Civil Action No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT** |

## INTRODUCTION

1. This is a collective action and class action on behalf of beauty school students at the Jean Madeline Aveda Institute in Pennsylvania, who suffered damages as a result of the violations of the federal Fair Labor Standards Act, the Pennsylvania Wage Payment and Collection Law and the Pennsylvania Minimum Wage Act.

2. Plaintiff seeks to bring her claims under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., as a collective action on behalf of all similarly situated persons, pursuant to 29 U.S.C. §216(b).

3. Plaintiff also seeks to bring her Pennsylvania state law claims as a class action under Fed.R.Civ.P. 23, on behalf of all students at the Jean Madeline Aveda Institute in Pennsylvania between November 8, 2011 and the present.

4. As outlined in greater detail herein, plaintiff and the other members of the proposed FLSA collective action and Fed.R.Civ.P. 23 class action are or were students at defendants' beauty school, who are required by defendants to perform numerous hours work at for-profit beauty salons operated by defendants in Pennsylvania, under circumstances that required that

1

plaintiff and the class be paid wages under well-established federal and Pennsylvania state law.

5. Despite this, defendants did not pay any wages to plaintiff and the other student employees, in clear violation of the law.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims alleged herein because plaintiff seeks relief pursuant to the Fair Labor Standards Act ("FLSA") for the defendants' failure to pay minimum wages and/or overtime wages as required by 29 U.S.C. § 201-218 et. seq. The employment relationship alleged to exist between the parties is subject to FLSA because the defendants are properly deemed "employers" within the meaning of the FLSA as they have earned a profit in excess of $500,000 in yearly revenue and the employment alleged involved the use or handling of goods that have moved or were moving in interstate commerce, as those terms are defined in the FLSA.

7. The Court has supplemental jurisdiction over the Pennsylvania state law claims alleged herein pursuant to 28 U.S.C. § 1367(a). Supplemental jurisdiction is properly exercised over such state law claims, which present overlapping issues of fact with the FLSA claims.

8. Venue is properly placed in this Court as the conduct alleged herein took place in Philadelphia, Pennsylvania and defendants operate the Jean Madeline Aveda Institute in Philadelphia, Pennsylvania.

## PARTIES

9. Plaintiff Bogumila Jochim resides in Philadelphia, Pennsylvania. Like all members of the proposed collective action and class action, Ms. Jochim was, during the relevant time period, a student at defendants' Jean Madeline Aveda Institute in Pennsylvania and was required by defendants to perform numerous hours of labor at one of defendants' for-profit beauty salons in

Pennsylvania, without being paid wages.

10. Defendant Jean Madeline Educations Center of Cosmetology, Inc. d/b/a Jean Madeline Aveda Institute, is a for-profit corporation formed and existing under the laws of the State of Pennsylvania, with its principal place of business located at 417 North 8th Street, Suite 400 Philadelphia, PA 19123.

11. Defendant Jean Madeline Educations Center of Cosmetology, Inc. d/b/a Jean Madeline Aveda Institute, is a for-profit corporation formed and existing under the laws of the State of Pennsylvania, with its principal place of business located at 417 North 8th Street, Suite 400, Philadelphia, PA 19123.

12. Defendant Samuel Lehman is the managing officer, owner and principal of Jean Madeline Aveda Institute who created the policies and procedures described herein.

13. No claims in this action are based on any theory of vicarious liability and no claims are based solely on the status of Defendant Samuel Lehman as corporate officer, manager or owner.

14. Rather, the claims against Defendant Samuel Lehman are based on the actions of Samuel Lehman, and on the fact that Samuel Lehman personally participated in the unlawful practices alleged herein; that Samuel Lehman knew of, created and approved of the practices alleged herein; and that Samuel Lehman shared in the proceeds of the unlawful practices alleged herein.

## CLASS ACTION AND COLLECTIVE ACTION ALLEGATIONS

15. The named plaintiff brings her FLSA claim as set forth in Count I on her own behalf, and on behalf of a proposed collective action of similarly situated persons under 29 U.S.C. § 216(b), defined as:

>**All students of defendants' Jean Madeline Aveda Institute who were required by defendants to perform labor without pay at one of defendants' for-profit beauty salons in Pennsylvania between November 12, 2010 and the present.**

16. Over 100 persons fit within the proposed FLSA collective action definition.

17. There is a well-defined community of interest in the questions of law and fact affecting the collective action members as a whole.

18. The members of the proposed collective action were all students of the Jean Madeline Aveda Institute and each was required to perform labor without pay by defendants in one of the for-profit beauty salons operated by defendants in Pennsylvania, working under uniform policies and procedures created by defendants.

19. The questions of law and fact common to each of the members of the FLSA collective action predominate over questions which may affect only individual members of the collective action, including the following:

   a. whether plaintiff and the other members of the collective action were employees of defendants within the meaning of the FLSA;

   b. whether the FLSA required defendants to pay plaintiff and the other members of the FLSA collective action wages at least equal to the federal minimum wage for the work they were required to perform at defendants' for-profit beauty salons; and

   c. whether Defendant Samuel Lehman is personally liable under the FLSA for the violations alleged herein.

20. These questions are such that proof of a state of facts common to the members of the FLSA collective action will entitle each member of the collective action to the relief requested in this Complaint.

21. Plaintiff also brings the claims under Pennsylvania state law set forth in Counts II and III as a proposed class action under Fed.R.Civ.P. 23, on behalf of a class defined as:

4

**All students of defendants' Jean Madeline Aveda Institute who were required by defendants to perform labor without pay at one of defendants' for-profit beauty salons in Pennsylvania between November 12, 2010 and the present.**

22. The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

23. The exact number and identities of the persons who fit within the proposed class are contained in defendants' records and can be easily ascertained from those records.

24. According to public records, however, the proposed class is composed of several hundred persons.

25. The claims in this action arise exclusively from defendants' uniform policies as alleged herein.

26. No violations alleged are a result of any oral communications or individualized interaction between any class member and defendants.

27. There are common questions of law and fact affecting the rights of the class members, including, <u>inter alia</u>, the following:

   a. whether plaintiff and the other members of the collective action were employees of defendants within the meaning of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 et seq. and the Pennsylvania Minimum Wage Act, 43 P.S. §333.101 et seq.;

   b. whether the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 et seq. required defendants to pay plaintiff and the other members of the class wages at least equal to the Pennsylvania state minimum wage for the work they were required to perform in defendants' for-profit beauty salons;

   c. whether the Pennsylvania Minimum Wage Act, 43 P.S. §333.101 et seq., required defendants to pay plaintiff and the other members of the class wages at least equal to the Pennsylvania state minimum wage for the work they were required to perform in defendants' for-profit beauty salons; and

    d. whether Defendant Samuel Lehman is personally liable under Pennsylvania law for the violations alleged herein.

28. Plaintiff is a member of the class she seeks to represent.

29. The claims of plaintiff are not only typical of all class members, they are identical in that they arise from uniform policies and circumstances and are based on the same legal theories of all class members.

30. Plaintiff has no interest antagonistic to, or in conflict with, the class.

31. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent herself and the class.

32. Defendants have acted and refused to act on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief for the class as a whole.

33. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

34. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35. Common questions will predominate, and there will be no unusual manageability issues.

### RELEVANT FACTS OF THE DEFENDANTS' OPERATIONS AND THE PARTIES' RELATIONSHIP

36. Defendants operate the Jean Madeline Aveda Institute as a for-profit business.

37. Defendant Jean Madeline Educations Center of Cosmetology, Inc. d/b/a Jean Madeline Aveda Institute is registered with the State of Pennsylvania as for-profit corporations and neither are registered with, or recognized by, any State or the United States as a non-profit or charitable enterprise.

38. Defendants are required by law to file tax information reports or tax returns with the United States Internal Revenue Service and on those filings, defendants are not indicated to be a charity or non-profit business within the meaning of the statutes and regulations that govern their obligation to file those reports or returns.

39. The defendants' for-profit activities that are part of the Jean Madeline Aveda Institute include two basic types of activities:

   a. providing educational services (the "educational services business") to paying students in the cosmetological trades, training such students to practice the trades of cosmetology, barbering, esthetics or skin care, makeup artistry and manicuring; and

   b. providing of personal services to the general public at several beauty salons owned by defendants in Pennsylvania (the "salon personal services business"), where members of the public pay a fee to defendants to receive cosmetology, barbering, esthetics or skin care, makeup artistry or manicuring services.

40. The defendants' salon personal services business is designed to generate a profit for defendants, separate and apart from the profit generated by defendants through the operation of their educational services business.

41. Defendants' salon personal services business does, in fact, generate a profit for the defendants, separate and apart from the profit generated by defendants through the operation of their educational services business.

42. The revenue defendants receive from the fees paid by members of the general public for salon personal services at defendants' salons exceed the value of the materials, if any, that such members of the public consume during the receipt of such services.

43. In operating their salon personal services business, defendants utilize the labor of the FLSA collective action members and Fed.R.Civ.P. 23 class members, who have also purchased the educational services provided by the defendants.

44. The FLSA collective action members and Fed.R.Civ.P. 23 class members are paid no compensation by defendants for the labor they provide in defendants' salons, meaning they receive no payments in United States currency or in instruments that are convertible as a matter of law into such currency in exchange for furnishing such labor.

45. The labor provided by the collective action members and class members in the defendants' salons was and is essential to defendants' salon personal services business, in that the labor needed to provide the salon personal services to the members of the public – for which such members of the public paid a fee to the defendants – was furnished exclusively or predominately by the members of the collective action and class members.

46. Without the free labor provided by the collective action members and class members, defendants' salon personal services business would either cease to operate, or it would have to secure labor from other persons who would have to be compensated at a minimum hourly wage as required by the FLSA and Pennsylvania law.

47. The defendants actively promote and advertise their salon personal services business to the public through various means and induce the purchase of those services by offering them to members of the public at a cost lower than the cost typically charged by other competing salon businesses that do not utilize uncompensated labor.

48. Defendants' salon personal services business competes with other profit-making businesses that provide the same salon personal services, in that members of the public have available to them other providers of such salon personal services besides the defendants' salons who, for a fee, will provide the same salon personal services.

49. Defendants are able to advantageously compete with other profit-making businesses that provide the same salon personal services by charging members of the public lower fees for such

salon services than those charged by defendants' salon competitors.

50. Defendants' ability to provide the same salon personal services to members of the public at a lower rate than its competitors in the salon business, and earn a profit by doing so, is either substantially or entirely the result of the defendants enjoying lower operating costs because they provide such salon personal services to the public using unpaid labor by members of the collective action and class.

51. Defendants' competitors in the salon personal services business must pay at least the minimum hourly wage required by the FLSA and Pennsylvania state law to their salon employees.

52. Defendants, if they chose, could have the collective action and class members provide salon personal services to the public without charge.

53. Alternatively, defendants could impose a charge for such salon personal services that is the equivalent of the actual cost, if any, of the materials consumed in providing such personal services.

54. In either of those circumstances, defendants' use of unpaid labor by beauty school students would be lawful.

55. The defendants, however, have made a conscious decision to run their salon personal services business as a "for profit' enterprise.

56. Defendants have made a conscious decision to charge a fee to the public for defendants' salon personal services business that exceeds the costs of the materials consumed, so that defendants can operate a profit-making salon personal services business that competes with other enterprises that provide such salon personal services.

57. The labor performed by collective action and class members in defendants' salon

personal services business does benefit the collective action and class action members in securing experience.

58. However, defendants' decision to operate the salon personal services business as a profit-making venture is irrelevant to the collective action/class members' education and occupational goals.

59. This is because the collective action/class members would enjoy the exact same "experience-gaining" benefit if the defendants did not charge members of the public any fee for such salon personal services, or if defendants only charged a fee sufficient to cover the actual cost of the materials, if any, consumed by such members of the public while receiving such salon personal services.

60. The defendants' educational services business neither requires, nor benefits, from the defendants' decision to charge members of the public a fee for providing salon personal services that is high enough to generate a profit for defendants; a profit generated by utilizing the unpaid labor of the collective action members and class members to carry out defendants' salon personal services business.

61. By carrying on a for-profit salon personal services business, utilizing the unpaid labor of the collective action/class members, defendants' actions have the effect of depressing wages and employment opportunities generally among workers who would otherwise provide those salon personal services.

62. That depression of wages and employment opportunities arises because the defendants are paying nothing whatsoever for the collective action/class members' labor, which defendants use to provide such salon services.

63. This, in turn, results in defendants being able to conduct a profit-making salon personal

services business that charges members of the public less than their salon competitors must charge, because such salon competitors must pay at least the minimum hourly wage required by the FLSA and state law to their salon employees.

64. The ability of defendants to secure free labor for defendants' profit-making salon personal services business, without paying at least the minimum hourly wage required by the FLSA and Pennsylvania state law for that labor, results in other competing salon businesses being unable to increase the wages of their workers above that minimum hourly amount or hire more workers to provide such services.

65. Such other competing salon businesses are unable to do those things as a direct and proximate result of defendants' utilization of the collective action/class members' unpaid labor in defendants' salon personal services business and the defendants' ability, as a result of such utilization, to sell such salon personal services to the public for less than other competing salon businesses could charge.

66. The amount of hours of unpaid labor that the collective action/class members performed in defendants' salon personal services business is known to the defendants, who kept detailed contemporaneous records of those hours of work.

67. In respect to plaintiff, such hours of work were in excess of 500 hours.

### HOW THE RELEVANT FACTS ESTABLISH AN EMPLOYMENT RELATIONSHIP FOR THE PURPOSES OF THE FLSA AND PENNSYLVANIA LAW

68. The relationship between the defendants and the putative collective action members and class members, in respect to the labor provided by the putative collective action and class members in the defendants' salon personal services business, is one of employer and employee for the purposes of the FLSA and Pennsylvania state law.

69. That employment relationship exists for the following reasons:

   a. The collective action members and class members provided labor in defendants' salon personal services business that was immediately advantageous to defendants and the profitability of such business was substantially or wholly dependent upon such labor;

   b. The collective action members and class members, while receiving a benefit from their labor in the defendants' salon personal services business in the form of experience, were simultaneously conferring an additional and valuable economic benefit – beyond the tuition they paid for training – upon the defendants, because defendants were charging the public fees for the salon personal services performed by the collective action/class members which were high enough to generate a profit for defendants;

   c. The labor provided by the collective action/class members in defendants' salon personal services business displaced or made unnecessary the employment of the persons the defendants would have otherwise had to employ, and pay wages to, for the performance of the labor that the collective action/class members furnished and from which the defendants profited;

   d. Certain types of labor performed by the collective action/class members did not, and could not, confer any educational or occupational benefit whatsoever upon such collective action/class members, in that the class members were required by defendants to spend some time not actually performing salon personal services on customers, but rather performing manual labor or administrative functions including, but not limited to, janitorial, clerical or logistical functions, that were essential and necessary for the conducting of the defendants' salon personal services business, but which had no educational purpose, and for which time expenditures defendants failed and refused to pay the collective action/class members any wages whatsoever; and

   e. Defendants' utilization of the unpaid labor of collective action/class members in a commercial, for-profit, salon personal services business depresses the wages of employees in that industry and lessens the employment opportunities in that industry.

### HOW THE RELEVANT FACTS RENDER DEFENDANT SAMUEL LEHMAN LEGALLY RESPONSIBLE FOR THE PLAINTIFF'S CLAIMS

70. Defendant Lehman, by virtue of his ownership and control of the Jean Madeline Aveda Institute, Jean Madeline, Inc. and Jean Madeline Education Center of Cosmetology, Inc., was empowered to make, and did make, the decision to have the Jean Madeline Aveda Institute

implement and/or continue the defendants' practices that created an employer/employee relationship between defendants and plaintiff and the other members of the collective action and class action for the purposes of the FLSA and Pennsylvania state minimum wage laws.

71. Such actions by Samuel Lehman caused the violations of the FLSA and Pennsylvania state law that are alleged in this complaint.

72. Defendant Lehman, by virtue of his ownership and/or control of the other defendants, could have, but did not, make the decision to have the Jean Madeline Aveda Institute discontinue the unlawful practices alleged herein.

73. Despite having the power to do so, Defendant Samuel Lehman did not direct the Jean Madeline Aveda Institute or the other defendants to discontinue the practices that are alleged herein.

74. Rather, Defendant Samuel Lehman created and directed the practices which created an employer and employee relationship with members of the collective action and class.

75. Defendant Samuel Lehman also directed that Jean Madeline Aveda Institute and the other defendants would:

   a. operate for-profit salons, charging members of the public more than the costs of the materials consumed for salon personal services; and

   b. not pay wages to members of the collective action and class for the labor they were required to perform at these for-profit salons.

76. Such actions by Defendant Samuel Lehman caused the violations of the FLSA and Pennsylvania state law alleged in this complaint.

77. Defendant Samuel Lehman became aware, at least three years prior to the commencement of this action, that the salon personal services business of the defendants was an important and profitable business activity of the Jean Madeline Aveda Institute which generated

a profit for defendants which was separate and apart from the tuition collected by defendants in their educational services business.

78. Defendant Samuel Lehman became aware, at least three years prior to the commencement of this action, that the salon personal services business of defendants relied upon the unpaid labor provided by the collective action/class members to generate such a profit for defendants.

79. Indeed, the business model of defendants' salon personal services business is to capitalize on the free labor provided by Jean Madeline Institute students by allowing defendants to undercut their salon competitors' prices in the salon personal services business.

80. Even after becoming aware of such facts, Defendant Samuel Lehman made no attempt to ascertain whether the defendants' use of unpaid labor in their salon personal services business was in compliance with the FLSA or the Pennsylvania state minimum wage laws.

81. Moreover, Defendant Samuel Lehman has at least constructive knowledge of the fact that at least one court opinion has already held that the use of unpaid student labor by a private, for-profit cosmetology school in a profit-making salon personal services business violated the FLSA.

82. Despite this, Defendant Samuel Lehman made no attempt to change the defendants' practice of using uncompensated student labor in a profit-making salon personal services business.

83. In light of the foregoing set of facts, Defendant Samuel Lehman can properly be deemed an "employer" or co-employer of plaintiff and the members of the collective action and class action within the meaning of the FLSA and Pennsylvania state law, in that Defendant Samuel Lehman was acting as a decision making "agent of an employer," was the controlling person of

the Jean Madeline Aveda Institute, and the beneficial owner of same, with the power to implement, continue and/or terminate the illegal policies and practices that are alleged herein.

84. Defendant Samuel Lehman is not only vested with such powers, but also knowingly exercised such powers to continue the violations of the FLSA and Pennsylvania state law alleged herein and/or he acquiesced to the continuation of such violations despite having the power and duty to prevent and stop the same.

85. The imposition of such liability upon Defendant Samuel Lehman is also proper because he expressly directed agents, officers and employees of the other defendants to commit the acts that violated the FLSA and Pennsylvania state law, and as a result, should be held civilly liable for such violations of law.

## COUNT I

## FAIR LABOR STANDARDS ACT

### On Behalf of the Members of the FLSA Collective Action

86. Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

87. Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, the named plaintiff and those members of the similarly situated collective action were entitled to at least the minimum hourly wage, which is currently $7.25 an hour, for each hour that they labored in defendants' salon personal services business; and in the event they worked more than 40 hours a week, they were entitled to an overtime hourly wage of time and one-half such minimum hourly wage for all hours worked in excess of 40 hours per week.

88. The named plaintiff and those members of the similarly situated collective action were paid no monetary compensation whatsoever by the defendants for performing labor for the defendants in the defendants' salon personal services business.

89. Such failure to pay the plaintiff and the members of the collective action any compensation whatsoever violated the minimum hourly wage requirements of 29 U.S.C. § 206; and in the event any of the collective action member or plaintiff ever worked in excess of 40 hours in a week, the overtime pay requirements of 29 U.S.C. § 207.

90. Defendants' aforesaid violations of the FLSA were willful in that defendants were aware they were running a for-profit salon personal services business and were treating plaintiff and the members of the collective action like employees.

91. Defendants were also aware that employees of profit-making salon personal services businesses are covered by the minimum hourly wage requirements of the FLSA.

92. The named plaintiff, on behalf of herself and all other similarly situated persons who consent in writing to join this collective action, seek, under Count I, a judgment for unpaid minimum wages and overtime wages and additional liquidated damages of 100% of any such unpaid wages, such sums to be determined based upon an accounting of the hours worked by the named plaintiff and any such other similarly situated persons who consent to join this action.

93. Plaintiff also seeks an award of attorney's fees, interest and costs as provided for by the FLSA.

## COUNT II

### PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW, 43 P.S. § 260.1 et seq.

#### On Behalf of the Fed.R.Civ.P. 23 Class

94. Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

95. The conduct alleged by the defendants also constituted a violation of the Pennsylvania Wage Payment and Collection Law, which requires the payment of wages to workers under the

circumstances alleged herein.

96. Defendants' alleged conduct has deprived all of the class members who worked in defendants' for-profit salons in Pennsylvania of the wages owed pursuant to Pennsylvania law.

97. This includes conduct which violates 43 P.S. § 260.3, which requires an employer to pay all wages lawfully due on regular paydays.

98. It also includes violations of 43 P.S. § 260.7, which prohibits an employer from attempting to have employees waive any of their rights to any wages due under the Act.

99. The named plaintiff, on behalf of herself and the plaintiff Fed.R.Civ.P. 23 class, seek a judgment against all defendants for all wages authorized by Pennsylvania law under, inter alia, 43 P.S. § 260.9(a).

100. The named plaintiff, on behalf of herself and the plaintiff Fed.R.Civ.P. 23 class, seek a judgment against all defendants for all wages authorized by Pennsylvania law.

101. The named plaintiff, on behalf of herself and the plaintiff Fed.R.Civ.P 23 class, also seek declaratory and equitable relief in the form of a declaration on the illegality of defendants' practices and in the form of a suitable injunction restraining defendants from continuing to violate the wage requirements of Pennsylvania law.

## COUNT III

### PENNSYLVANIA MINIMUM WAGE ACT
### 43 P.S. §333.101 et seq.

#### On Behalf of the Fed.R.Civ.P. 23 Class

102. Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

103. The conduct alleged by the defendants also constituted a violation of the Pennsylvania Minimum Wage Act, which requires the payment of wages at least equal to the Pennsylvania minimum wage to workers under the circumstances alleged herein.

104. Defendants' alleged conduct has deprived all of the class members who worked in defendants' for-profit salons in Pennsylvania of the minimum wages owed pursuant to Pennsylvania law.

105. The named plaintiff, on behalf of herself and the plaintiff Fed.R.Civ.P. 23 class, seek a judgment against all defendants for all wages authorized by Pennsylvania law.

106. The named plaintiff, on behalf of herself and the plaintiff Fed.R.Civ.P 23 class, also seek declaratory and equitable relief in the form of a declaration on the illegality of defendants' practices and in the form of a suitable injunction restraining defendants from continuing to violate the minimum wage requirements of Pennsylvania law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this court to:

a. Certify the proposed FLSA collective action under 29 U.S.C. § 216(b) for the claim set forth in Count I;

b. Certify the proposed Fed.R.Civ.P. 23 class action for the claims set forth in Counts II and III;

c. Enter an order for injunctive and declaratory relief as described herein;

d. Enter judgment in favor of each class member for damages suffered as a result of the conduct alleged herein, to include interest and pre-judgment interest;

e. Award plaintiff reasonable attorneys' fees and costs; and

f. Grant such other and further legal and equitable relief as the court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

DeNITTIS OSEFCHEN, P.C.

BY: _____
Stephen P. DeNittis, Esq. (ID No: 031381997)
Joseph A. Osefchen, Esq. (ID No: 022451992)
Attorneys for Plaintiff

Dated: November 12, 2013

and

Leon Greenberg, Esquire
(pro hac vice admission pending)
2965 South Jones Boulevard #E-4
Las Vegas, NV 89146
(702) 383-6369
Attorneys for Plaintiff