**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BOGUMILA JOCHIM, on behalf of herself and all others similarly situated, | |
| *Plaintiff,* | Civil Action No. 13-CV-6564 |
| v. | |
| JEAN MADELINE EDUCATION CENTER OF COSMETOLOGY, INC., d/b/a "THE JEAN MADELINE AVEDA INSTITUTE"; JEAN MADELINE, INC.; and SAMUEL LEHMAN, | |
| *Defendants.* | |

## <u>ORDER</u>

AND NOW, this __ day of _____, 2014, upon consideration of Defendants'

Motion to Dismiss Plaintiff's Complaint and the Memorandum of Law in support thereof and

Plaintiff's Opposition Memorandum, it is hereby ORDERED that Defendants' Motion is

GRANTED and that:  (1) Plaintiff's FLSA and MWA claims are dismissed without prejudice as

to all Defendants; (2) Plaintiff's Wage Payment and Collection Law claim is dismissed with

prejudice; and (3) all claims against Defendant Samuel Lehman are dismissed without

prejudice.

_____
STEWART R. DALZELL, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOGUMILA JOCHIM, on behalf of herself and all others similarly situated,<br><br>　　　　　　　*Plaintiff,*<br><br>　　v.<br><br>JEAN MADELINE EDUCATION CENTER OF COSMETOLOGY, INC., d/b/a "THE JEAN MADELINE AVEDA INSTITUTE"; JEAN MADELINE, INC.; and SAMUEL LEHMAN,<br><br>　　　　　　　*Defendants.* | Civil Action No. 13-CV-6564 |

## <u>DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

Defendants Jean Madeline Education Center of Cosmetology, Inc., Jean Madeline, Inc. and Samuel Lehman hereby move under Fed. R. Civ. P. 12(b)(6) to dismiss with prejudice the Complaint of Plaintiff Bogumila Jochim.  The reasons for the Motion are set forth in the attached Memorandum of Law, which is incorporated herein.

Respectfully submitted,

/s/ Christopher D. Durham
Caroline M. Austin, Esquire
Christopher D. Durham, Esquire
Duane Morris LLP
30 S. 17th Street
Philadelphia, PA 19103
(215) 979-1000

Edward M. Cramp, Esquire (*pro hac vice*)
Duane Morris LLP
750 B Street, Suite 2900
San Diego, CA  92101
(619) 744-2200

*Attorneys for Defendants*

Date:　January 17, 2014

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOGUMILA JOCHIM, on behalf of herself and all others similarly situated, | |
| *Plaintiff,* | Civil Action No. 13-CV-6564 |
| v. | |
| JEAN MADELINE EDUCATION CENTER OF COSMETOLOGY, INC., d/b/a "THE JEAN MADELINE AVEDA INSTITUTE"; JEAN MADELINE, INC.; and SAMUEL LEHMAN, | |
| *Defendants.* | |

## MEMORANDUM OF LAW IN SUPPORT OF
## <u>DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

Respectfully submitted,

/s/ Christopher D. Durham
Caroline M. Austin, Esquire
Christopher D. Durham, Esquire
Duane Morris LLP
30 S. 17th Street
Philadelphia, PA 19103
(215) 979-1000

Edward M. Cramp, Esquire (*pro hac vice*)
Duane Morris LLP
750 B Street, Suite 2900
San Diego, CA 92101
(619) 744-2200

*Attorneys for Defendants*

Date: January 17, 2014

# TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................................1

II.     FACTUAL BACKGROUND ..............................................................................3

III.    STANDARD OF REVIEW ................................................................................6

IV.     ARGUMENT ......................................................................................................8

      A.      Plaintiff's FLSA and MWA Claims in Counts I and III Should be
           Dismissed Because Plaintiff Fails to Plead an Employment Relationship
           With Any Defendant. ...........................................................................................8

      B.      Plaintiff's FLSA and MWA Claims in Counts I and III Should be
           Dismissed Because Plaintiff Fails to Plead Facts Sufficient to Establish
           That Plaintiff Was an Employee Under Federal or State Law..............................11

      C.      Plaintiff's WPCL Claim in Count II of Plaintiff's Complaint Should be
           Dismissed With Prejudice Because Plaintiff Does Not Allege a Contract
           Between Plaintiff and Any Defendant for the Payment of Wages. .......................13

      D.      Plaintiff's Complaint Should be Dismissed in its Entirety as to Defendant
           JMI Because Plaintiff Fails to Plead Any Facts Regarding JMI. .........................14

      E.      Plaintiff's FLSA and MWA Claims in Counts I and III of Plaintiff's
           Complaint Should be Dismissed as to Defendant Lehman Because
           Plaintiff Fails to Plead Facts Sufficient to Show That Lehman was an
           Employer Under the FLSA or MWA....................................................................15

V.      CONCLUSION..................................................................................................20

# <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

Alers v. City of Philadelphia, 919 F. Supp. 2d 528 (E.D. Pa. 2013) ...............................8

Ashcroft v. Iqbal, 556 U.S. 662 (2009)...................................................................6, 7, 12

Attanasio v. Wyoming Valley Health Care Sys., 863 F. Supp. 2d 417 (M.D. Pa. 2012).............19

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ......................................................6, 7

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410 (3d Cir. 1997) ...................7, 8

Davis v. Abington Mem'l Hosp., 817 F. Supp. 2d 556 (E.D. Pa. 2011) ..................8, 11

Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173 (3d Cir. 2000) .................6

Drummond v. Herr Foods, Inc., No. 13-5991, 2014 U.S. Dist. LEXIS 2409
    (E.D. Pa. Jan. 9, 2014) .......................................................................................13, 14

Falk v. Brennan, 414 U.S. 190 (1973) .........................................................................16

Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 203) .............................................7

Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132 (2d Cir. 1999)....................................16

Jean-Louis v. RGIS Inventory Specialists, LLC, No. 08-2662, 2011 U.S. Dist. LEXIS
    93424 (E.D. Pa. Aug. 22, 2011).................................................................................8

Lehman v. Legg Mason, Inc., 532 F. Supp. 2d 726 (M.D. Pa. 2007)....................13, 14

Lucas v. BMS Enters., No. 09-2159, 2010 U.S. Dist. LEXIS 66050
    (N.D. Tex. July 1, 2010) ...........................................................................................8

Mayer v. Belichick, 605 F.3d 223 (3d Cir. 2010)..........................................................8

Montero v. Brickman Group, Ltd., No. 12-2535, 2012 U.S. Dist. LEXIS 121679
    (D.N.J. Aug. 28, 2012).......................................................................................16, 18

Scholly v. JMK Plastering, Inc., No. 07-4998, 2008 U.S. Dist. LEXIS 49958
    (E.D. Pa. June 27, 2008) .........................................................................................16

Schwartz v. Commonwealth Land Title Insurance Co., 374 F. Supp. 564 (E.D. Pa. 1974)........ 7-8

Soles v. Zartman Constr., Inc., No. 13-0029, 2013 U.S. Dist. LEXIS 43669
    (M.D. Pa. Mar. 8, 2013)...........................................................................................19

DM2\4669845.8

Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.,
181 F.3d 410 (3d Cir. 1999)................................................................7

Sunlight Elec. Contracting Co. v. Turchi, No. 08-5834, 2011 U.S. Dist. LEXIS 104192
(E.D. Pa. Sept. 13, 2011) ........................................................13

Thompson v. Real Estate Mortg. Network, Inc., No. 11-01494, 2011 U.S. Dist. LEXIS
149774 (D.N.J. Dec. 30, 2011) ........................................ 10-11

Tracy v. NVR, Inc., 667 F. Supp. 2d 244 (W.D.N.Y. 2009) ................................ 18-10

Upper Pottsgrove Twp. v. Int'l Fidelity Ins. Co., No. 13-1758, 2013 U.S. Dist. LEXIS
142372 (E.D. Pa. Oct. 2, 2013)......................................................7, 12

Washington v. City of Philadelphia, No. 11-3275, 2012 U.S. Dist. LEXIS 3328
(E.D. Pa. Jan. 11, 2012) ..........................................................12, 20

Weldon v. Kraft, Inc., 896 F.2d 793 (3d Cir. 1990) ............................................13, 14

Wilkins v. Bozzuto & Assocs., Inc., No. 09-2581, 2009 U.S. Dist. LEXIS 115776
(E.D. Pa. Dec. 10, 2009) ..........................................................6-7

Wright v. Lehigh Valley Hosp. & Health Network, No. 10-431, 2011 U.S. Dist. LEXIS
68012 (E.D. Pa. June 23, 2011) ..............................................19

**State Cases**

Commonwealth of Pa. v. Stuber, 822 A.2d 870 (Pa. Commw. Ct. 2003) .......................9

Oberneder v. Link Computer Corp., 696 A.2d 148 (Pa. 1997)....................................13

**Pending Cases**

Benjamin, et al. v. B & H Educ., Inc., et al., No. 13-04993 (N.D. Cal.)
(filed Oct. 25, 2013).............................................................1

Guy, et al. v. Casal Inst. of Nev., LLC, et al., No. 13-02263-APG-GWF (D. Nev.)
(filed Dec. 11, 2013) ............................................................1

Hollins, et al. v. Regency Corp., et al., No. 13-07686 (N.D. Ill.) (filed Oct. 25, 2013).................2

Matsumoto, et al. v. FCNH, Inc., et al., No. 13-01973-RCJ-CWH (D. Nev.)
(filed Oct. 28, 2013)............................................................1

Montellano, et al. v. Yasuda, et al., No. 13-01961-PSG-DTB (C.D. Cal.)
(filed Oct. 28, 2013)............................................................1

Morales, et al. v. Von Curtis, Inc., et al., No. 13-04996-LB (N.D. Cal.)
(filed Oct. 25, 2013)............................................................1

DM2\4669845.8

<u>Penceal, *et al.* v. Empire Beauty Sch., Inc., *et al.*</u>, No. 13-07572-WHP (S.D.N.Y.)
(filed Oct. 25, 2013)..............................................................................................1

<u>Winfield, *et al.* v. Civitano, *et al.*</u>, No. 13-06289-ADS-WDW (E.D.N.Y.)
(filed Nov. 12, 2013).............................................................................................2

**Federal Statutes**

29 U.S.C. § 201.........................................................................................................1

29 U.S.C. § 203(d)..............................................................................................8, 15

29 U.S.C. § 203(e)(1)................................................................................................8

29 U.S.C. § 203(g)....................................................................................................8

29 U.S.C. § 216(b)....................................................................................................4

**State Statutes**

43 P.S. § 260.1..........................................................................................................1

43 P.S. § 333.101.......................................................................................................1

43 P.S. § 333.103(g).................................................................................................15

63 P.S. § 507............................................................................................................12

63 P.S. § 508............................................................................................................12

**Rules**

Fed. R. Civ. P. 8(a)(2)...........................................................................................6-7

Fed. R. Civ. P. 12(b)(6)......................................................................................Passim

Fed. R. Civ. P. 23...........................................................................................1, 4-6

DM2\4669845.8

# I.   <u>INTRODUCTION</u>

Plaintiff Bogumila Jochim ("Plaintiff") is a former student of Defendant Jean Madeline

Aveda Institute.  After graduating from the Jean Madeline Aveda Institute's cosmetology school

with a license to practice cosmetology, Plaintiff now claims that she and all of the students at the

cosmetology school were employees entitled to be paid wages for the time spent learning to

become a licensed cosmetologist.

Accordingly, Plaintiff purports to assert, on behalf of herself and others allegedly

similarly situated that Defendants Jean Madeline Education Center of Cosmetology, Inc., d/b/a

The Jean Madeline Aveda Institute (the "School"), Jean Madeline, Inc. ("JMI") and Samuel

Lehman ("Lehman") (collectively, "Defendants") violated the Fair Labor Standards Act, 29

U.S.C. § 201, <u>et seq.</u> ("FLSA") (Count I), the Pennsylvania Wage Payment and Collective Law,

43 P.S. § 260.1, <u>et seq.</u> ("WPCL") (Count II) and the Pennsylvania Minimum Wage Act, 43 P.S.

§ 333.101, <u>et seq.</u> ("MWA") (Count III) when Defendants did not pay wages to Plaintiff and

putative class members for time spent learning in the School's student salon as part of their

educational curriculum.

However, Plaintiff has filed a Complaint that consists almost entirely of repetitive legal

conclusions and boilerplate allegations.  Indeed, the fact-bereft allegations in the Complaint

closely track the similarly threadbare conclusions in the complaints contemporaneously filed

against other beauty schools in various jurisdictions around the country.[1]  The conclusory

---

[1] In at least eight other separate, but nearly identical, actions, counsel have filed hybrid Fed. R. Civ. P. 23 class and FLSA collective action complaints alleging that cosmetology students should be paid for hands-on learning in the classroom.  These actions are captioned:  <u>Benjamin, et al.</u> v. B & H Educ., Inc., et al., No. 13-04993 (N.D. Cal.) (filed Oct. 25, 2013); <u>Guy, et al.</u> v. Casal Inst. of Nev., LLC, et al., No. 13-02263-APG-GWF (D. Nev.) (filed Dec. 11, 2013); <u>Matsumoto, et al.</u> v. FCNH, Inc., et al., No. 13-01973-RCJ-CWH (D. Nev.) (filed Oct. 28, 2013); <u>Montellano, et al.</u> v. Yasuda, et al., No. 13-01961-PSG-DTB (C.D. Cal.) (filed Oct. 28, 2013); <u>Morales, et al.</u> v. Von Curtis, Inc., et al., No. 13-04996-LB (N.D. Cal.) (filed Oct. 25, 2013); <u>Penceal, et al.</u> v. Empire Beauty Sch., Inc., et al., No. 13-07572-WHP (S.D.N.Y.)

allegations of Plaintiff's Complaint fail to state any plausible claim for relief.

The primary deficiency of the Complaint is that Plaintiff fails to plead an employment relationship with any Defendant. Only an "employer" can be liable under the FLSA and MWA. The Complaint contains no allegation, let alone sufficient facts to support the allegation, that each Defendant was an employer of Plaintiff. Plaintiff's claims under the FLSA and MWA are not plausible in the absence of such allegation. Accordingly, Plaintiff's FLSA and MWA claims should be dismissed.

In addition, Plaintiff has failed adequately to plead that she was an employee under federal and state wage and hour law. Plaintiff acknowledges that she was a *student* of the School, but her contention that she was an employee – the core dispute underlying her claims – is predicated on the bare allegation that the School makes a profit by charging a fee for the services members of the public receive as part of the students' practical, educational training that allegedly exceeds the reasonable cost of materials used in such services. Plaintiff has not pled a single fact to support these allegations. Instead, Plaintiff relies almost exclusively on her repetitive and unsupported allegation that the fees charged by the School exceed the cost of materials used in the services, which paraphrases a provision of Pennsylvania's Beauty Culture Law forbidding the School to do so, to assert that Plaintiff and her fellow cosmetology students should be treated as employees. It is precisely this type of conclusory pleading that fails to state a plausible claim for relief. For this additional reason, Plaintiff's FLSA and MWA claims should be dismissed.

The Complaint also suffers from deficiencies that require the dismissal of discrete claims and defendants. First, the Complaint fails to state a claim under the WPCL because Plaintiff

---

(filed Oct. 25, 2013); <u>Winfield, *et al.* v. Civitano, *et al.*</u>, No. 13-06289-ADS-WDW (E.D.N.Y.) (filed Nov. 12, 2013); <u>Hollins, *et al.* v. Regency Corp., *et al.*</u>, No. 13-07686 (N.D. Ill.) (filed Oct. 25, 2013).

does not allege the existence of an agreement by any Defendant to pay Plaintiff wages. Instead, Plaintiff's claim for wages is staked solely on her allegation that she is entitled to be paid wages pursuant to Pennsylvania law. Plaintiff's failure to allege a right to wages based on an agreement is fatal to Plaintiff's WPCL claim in Count II of the Complaint.

Second, although the caption of the Complaint identifies JMI as a defendant, JMI is identified only one other time in the entire Complaint, and then only as an entity allegedly owned and controlled by Lehman. With not so much as a single fact in the Complaint regarding JMI, all of Plaintiff's claims against JMI should be dismissed.

Finally, Plaintiff alleges that Lehman is liable for the alleged failure to pay Plaintiff wages for services provided as part of her clinical training. Yet the Complaint does no more than superficially allege that Lehman owns and controls the School and JMI, and in that capacity directed the School to make a profit and not pay its students for their educational training. These bare, conclusory allegations do not raise a right to relief above the speculative level, and therefore Plaintiff's claims against Lehman should be dismissed.

## II.    FACTUAL BACKGROUND[2]

In light of Plaintiff's proclivity for pleading legal conclusions in lieu of facts, the allegations of the Complaint can be summarized fairly briefly.[3] Plaintiff "was, during the relevant time period, a student at defendants' Jean Madeline Aveda Institute in Pennsylvania," where she allegedly was required "to perform numerous hours of labor at one of defendants' for-profit beauty salons in Pennsylvania, without being paid wages." (Compl. ¶ 9.) Plaintiff names

---

[2]  The following recitation derives from Plaintiff's Complaint. No admission of fact is intended or should be inferred from this recital. The allegations of the Complaint are set forth above solely for purposes of testing the legal sufficiency of Plaintiff's claims on this Motion to Dismiss.

[3]  The following recitation also contains some of Plaintiff's conclusory allegations, as failing to do so would provide the Court with scant context for deciding the Motion.

three defendants in the caption of the Complaint:  the School; JMI; and Lehman.  Plaintiff

identifies the School as a for-profit corporation with a principal place of business in Philadelphia,

and Lehman as the managing officer, owner and principal of the School.  (Id. ¶¶ 10, 12.)

Plaintiff provides no information regarding JMI, and JMI appears only once in the body of the

Complaint.  (See id. ¶ 70.)  Throughout the Complaint, Plaintiff appears to refer to the School,

JMI and Lehman as "defendants," though she never defines the term.

Plaintiff asserts the FLSA claim in Count I on her own behalf, and on behalf of all

purportedly similarly situated persons as a collective action pursuant to 29 U.S.C. § 216(b).  She

defines this putative collective action class, in a manner that begs the ultimate legal question to

be decided in this case, as:  "All students of defendants' Jean Madeline Institute who were

required by defendants to perform labor without pay at one of the defendants' for-profit beauty

salons in Pennsylvania between November 12, 2010 and the present."  (Id. ¶ 15.)  Plaintiff

asserts the WPCL and MWA claims in Counts II and III as Fed. R. Civ. P. 23 class actions, with

a class definition identical to the putative FLSA collective action class definition.  (Id. ¶ 21.)

Plaintiff, the § 216(b) putative collective action members and the Rule 23 putative class

members hereinafter are referred to collectively as "the students."

According to Plaintiff, "defendants operate the Jean Madeline Aveda Institute as a for-

profit business."  (Id. ¶ 36.)  Plaintiff's claims appear to be premised largely upon this allegation,

and she emphasizes its importance by using the word "profit" 47 times in her Complaint.

Plaintiff alleges that the School engages in "for-profit activities" which "include two basic types

of activities":

  a.    providing educational services (the "educational services business") to paying
        students in the cosmetological trades, training such students to practice the trades
        of cosmetology, barbering, esthetics or skin care, makeup artistry and manicuring;
        and

b.      providing of personal services to the general public at several beauty salons owned by defendants in Pennsylvania (the "salon personal services business"), where members of the public pay a fee to defendants to receive cosmetology, barbering, esthetics or skin care, makeup artistry or manicuring services.

(Id. ¶ 39.)

It is unclear whether Plaintiff alleges that the "educational services business" and the "salon personal services business" are separate entities, divisions or business units of the same entity, or simply different types of activities in which "defendants" engage. According to Plaintiff, the salon personal services business "is designed to" and "does, in fact, generate a profit for defendants," which is "separate and apart from the profit generated by defendants through the operation of their educational services business." (Id. ¶¶ 40-41.)

The students perform "salon personal services" for the public "in defendants' salons," and are not paid for performing these services. (Id. ¶¶ 43-44.) Plaintiff acknowledges that the students gain experience by performing services in "defendants' salon personal services business." (Id. ¶ 57.) These services are "furnished exclusively or predominantly" by the students. (Id. ¶ 45.) If the students did not perform these services without pay, "defendants' salon personal services business would either cease to operate, or it would have to secure [paid] labor from other persons . . . ." (Id. ¶ 46.) "Defendants" charge less for "salon personal services" than do their alleged competitors who use a paid workforce as a result of the students providing the services without compensation, and this provides "defendants" with a competitive advantage. (Id. ¶¶ 49-50, 63.) Plaintiff alleges that she performed more than 500 hours of services in "defendants' salon personal services business." (Id. ¶¶ 66-67.)

"Defendants" made a "conscious decision to run their salon personal services business as a 'for profit' enterprise." (Id. ¶ 55.) According to Plaintiff, if the students provided services to the public without charge, or at a charge "that is the equivalent of the actual cost, if any, of the

materials consumed in providing such personal services," there would be no legal obligation to pay the students.  (Id. ¶¶ 52-54.)

On the basis of these allegations, Plaintiff purports to state three causes of action against Defendants, as follows:  Count I (willful violation of the FLSA); Count II (violation of the WPCL); and Count III (violation of the MWA).

## III.  STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged."  Id. (emphasis added); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.") (citation omitted).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Iqbal, 556 U.S. at 678 (citation omitted).  In order to survive a motion to dismiss, a plaintiff must "nudge[] [his] claims across the line from conceivable to plausible."  Twombly, 550 U.S. at 570.

While a court is required to accept as true all factual allegations in the complaint, when reviewing a Rule 12(b)(6) motion, the court "need not accept as true 'unsupported conclusions and unwarranted inferences.'"  Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 184 (3d Cir. 2000) (citation omitted).[4]  Moreover, "the Federal Rules do not require courts to credit a

---

[4]  See also Iqbal, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); Wilkins v. Bozzuto & Assocs., Inc., No. 09-2581, 2009 U.S. Dist. LEXIS 115776, *4 (E.D. Pa. Dec. 10, 2009) ("[A] plaintiff's 'bald assertions' or

complaint's conclusory statements without reference to its factual context." Iqbal, 556 U.S. at 686; Twombly, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citation omitted).

After Iqbal, district courts must conduct a two-part analysis when evaluating a motion to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

Upper Pottsgrove Twp. v. Int'l Fid. Ins. Co., No. 13-1758, 2013 U.S. Dist. LEXIS 142372, *3-4 (E.D. Pa. Oct. 2, 2013) (Dalzell, J.) (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)). If, upon completing this analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

In addition, in determining the sufficiency of a complaint on a motion to dismiss, a court may consider not only the allegations pled in the complaint, but also public records, including judicial proceedings, Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd., 181 F.3d 410, 426 (3d Cir. 1999), Pennsylvania statutes, Schwartz v. Commonwealth Land

---

'legal conclusions' need not be accepted as true by the court.") (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997)).

Title Insurance Co., 374 F. Supp. 564, 578 (E.D. Pa. 1974), and a "document integral to or explicitly relied upon in the complaint." In re Burlington Coat Factory, 114 F.3d at 1426 (citation omitted); see also Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

## IV.    ARGUMENT

### A.    Plaintiff's FLSA and MWA Claims in Counts I and III Should be Dismissed Because Plaintiff Fails to Plead an Employment Relationship With Any Defendant.

Only an "employer" can be liable under the FLSA. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). An "employee" is defined to include "any individual employed by an employer." 29 U.S.C. § 203(e)(1). An entity "employs" an individual only when it "suffer[s] or permit[s]" that individual to work. 29 U.S.C. § 203(g). Accordingly, "[t]he basic prerequisite for any FLSA lawsuit is an employment relationship between the plaintiff[] and defendant. Thus, in a FLSA collective action, every defendant must have been the employer of at least one named plaintiff." Davis v. Abington Mem'l Hosp., 817 F. Supp. 2d 556, 563 (E.D. Pa. 2011). If a plaintiff does not plead these most basic elements, she cannot bring an FLSA claim. See id. at 565; Lucas v. BMS Enters., No. 09-2159, 2010 U.S. Dist. LEXIS 66050, *13-16 (N.D. Tex. July 1, 2010) (dismissing FLSA claims where plaintiffs did not allege an employer-employee relationship, and damage related thereto, as to each defendant). Here, Plaintiff fails to allege facts that would establish an employment relationship between Plaintiff and any Defendant, and this defect is fatal to her FLSA and MWA[5] claims.

---

[5] Because the MWA is analyzed under the same standards as the FLSA, Plaintiff's MWA claim fails for the same reasons as her FLSA claim. See, e.g., Alers v. City of Philadelphia, 919 F. Supp. 2d 528, 560 (E.D. Pa. 2013) (holding that the MWA "parallels the FLSA" and therefore applying same standard to FLSA and MWA claims) (citing cases); Jean-Louis v. RGIS Inventory Specialists, LLC, No. 08-2662, 2011 U.S. Dist. LEXIS 93424, *35 (E.D. Pa. Aug. 22, 2011) (applying standard under FLSA to MWA in considering defendant's motion for summary judgment on plaintiff's MWA claim); see also

In her Complaint, Plaintiff alleges only one relationship of any kind with any one Defendant: that she was a **student** at the Jean Madeline Aveda Institute.[6] (See Compl. ¶ 9 (emphasis added).) However, with respect to the services members of the public received as part of Plaintiff's educational training – the alleged "work" for which Plaintiff alleges she should have been paid – Plaintiff does not allege facts relating to any one Defendant. In lieu of such specificity, Plaintiff repeatedly uses the term "defendants" in various contexts: "defendants" own and operate a "beauty school" or the Jean Madeline Aveda Institute (see, e.g., id. ¶¶ 4, 8, 9, 15, 21.); "defendants" operated "for-profit beauty salons" (see, e.g., id. ¶¶ 4, 9, 15, 18, 21.); "defendants" required the students to perform work or labor without pay (see, e.g., id. ¶¶ 4, 9, 15, 18, 21.); and the policies and procedures of "defendants" (see, e.g., id. ¶¶ 18, 25.).

For example, Plaintiff repeatedly alleges that "defendants" required her and the other students to perform work without pay and that "defendants" utilized the students' "unpaid labor." (See, e.g., id. ¶¶ 4, 9, 15, 18, 21, 43-46, 60-62, 65.) But Plaintiff never alleges which Defendant required her to perform the services that allegedly constituted compensable work, nor does she allege for which Defendant she provided the services. Plaintiff also fails to allege a single fact regarding the location(s) at which she performed the services for which she contends she should have been paid. Instead, she resorts again to the broad term "defendants," alleging that she

---

Commonwealth of Pa. v. Stuber, 822 A.2d 870, 873 (Pa. Commw. Ct. 2003), aff'd 859 A.2d 1253 (Pa. 2004) (noting that the MWA "mirrors the Fair Labor Standards Act . . . , which is also designed to protect employees who do not have real bargaining power," and the definitions of "employ," "employer," and "employee" in the two acts are virtually identical, and therefore applying the FLSA standard to the MWA).

[6] Plaintiff muddles even this seemingly straightforward allegation. Although the Jean Madeline Aveda Institute is identified in the caption and paragraphs 10 and 11 of the Complaint as the business name of one defendant, Jean Madeline Education Center of Cosmetology, Plaintiff frequently refers to it as "defendants' Jean Madeline Aveda Institute." (See, e.g., Compl. ¶¶ 9, 15, 21.)

provided services in "defendants' salons" and "defendants' salon personal services business." (See, e.g., id. ¶¶ 42, 44-45, 57, 66.)

Tellingly, in a section of the Complaint that bears the heading "How the Relevant Facts Establish an Employment Relationship for the Purposes of the FLSA and Pennsylvania Law," Plaintiff fails to allege <u>any</u> facts sufficient to achieve this stated objective. Plaintiff repeatedly uses the term "defendants," but <u>not once in this section does Plaintiff identify a Defendant by name</u>. Instead, Plaintiff pleads:

- "The relationship between the **defendants** and the putative collective action members and class members . . . is one of employer and employee . . . ."); (<u>id.</u> ¶ 68.)

- "The collective action members and class members provided labor in **defendants'** salon personal services business that was immediately advantageous to **defendants** . . . ."; (<u>id.</u> ¶ 69(a).)

- The students received a benefit "from their labor in the **defendants'** salon personal services business," and were also conferring a benefit "upon the **defendants**, because **defendants** were charging the public fees . . . ."; (<u>id.</u> ¶ 69(b).)

- "The labor provided by the collective action/class members in **defendants'** salon personal services business displaced or made unnecessary the employment of the persons the **defendants** would have otherwise had to employ, and pay wages to, for the performance of the labor that the collective action/class members furnished and from which the **defendants** profited"; (<u>id.</u> ¶ 69(c).) and

- The students "were required by **defendants** to spend some time not actually performing salon personal services on customers, but rather performing manual labor or administrative functions . . . that were essential and necessary for the conducting of the **defendants'** salon personal services business . . . and for which time expenditures **defendants** failed and refused to pay the collective action/class members any wages whatsoever." (<u>id.</u> ¶ 69(d).) (emphasis added)

Simply put, nowhere in the Complaint does Plaintiff make the allegation required of every FLSA plaintiff – that each Defendant was an employer of Plaintiff – much less plead the facts required to establish such an allegation. For this reason, Plaintiff's Complaint should be dismissed. See <u>Thompson v. Real Estate Mortg. Network, Inc.</u>, No. 11-01494, 2011 U.S. Dist.

LEXIS 149774, *8-9 (D.N.J. Dec. 30, 2011) (granting motion to dismiss FLSA claim for failure to establish an employer-employee relationship where plaintiff "address[ed] her claims to Defendants collectively without specifically alleging any employment relationship with each"); <u>Davis</u>, 817 F. Supp. 2d at 563 (granting motion to dismiss where FLSA collective action plaintiffs alleged that all defendants were their employer, because in doing so plaintiffs "fail[ed] to allege facts establishing a single employer-employee relationship").

### B. Plaintiff's FLSA and MWA Claims in Counts I and III Should be Dismissed Because Plaintiff Fails to Plead Facts Sufficient to Establish That Plaintiff Was an Employee Under Federal or State Wage and Hour Law.

The central issue in this case is whether Plaintiff and her fellow students were "employees" under the FLSA and MWA, and therefore entitled to compensation, when they provided supervised salon services to the public as part of the cosmetology education and training they received from the School. [7] At the outset of the Complaint, Plaintiff acknowledges that she, along with those on whose behalf she seeks to assert her claims, was a *student* at the School. (Compl. ¶¶ 1, 3, 4.) However, Plaintiff contends that the students were "required by defendants to perform numerous hours work [sic] at for-profit beauty salons operated by defendants in Pennsylvania, under circumstances that required that plaintiff and the class be paid wages . . . ." (<u>Id.</u> ¶ 4.)

Without any supporting facts, Plaintiff alleges that these "circumstances" consist of the School charging more for the salon services provided by the students to the public than the cost of the materials used in those services. From there, Plaintiff jumps to the conclusion that the

---

[7]  Plaintiff alleges that she is an employee solely because the School received a benefit by profiting from charging the public fees for the services provided by Plaintiff. It is Defendants' position that even if the School received such a benefit, it would not convert the students to employees. By this Motion, however, the Court is not required to determine the proper legal framework for determining the ultimate legal issue because, as set forth below, Plaintiff has failed to plead facts sufficient to support her conclusory allegation that Defendants received the benefit alleged.

students were no longer students prohibited by state law from being paid,[8] but rather employees legally entitled to compensation.[9] However, even if charging more than the reasonable cost of materials was sufficient to convert the students into employees, which Defendants contend it is not, Plaintiff fails to plead any facts to support her conclusion that the fee charged for student-provided salon services is more than the cost of the materials used in the services. By way of example only, Plaintiff fails to allege any facts regarding the amounts charged by the School for the services; the specific services provided; the dates on which Plaintiff provided the services; how long it took to provide the services; where Plaintiff provided the services; the materials used in providing the services; or the cost of the materials used in providing the services.

Instead of pleading such specific facts, Plaintiff simply repeats the conclusory allegation that the School makes a profit – the term profit appears in the Complaint 47 times – by charging the public more for services than the reasonable cost of the materials used in providing the services. (See, e.g., Compl. ¶¶ 42, 56, 60.) As such, Plaintiff pleads no facts "sufficient to show that [she] has a 'plausible claim for relief'" based on her alleged theory. Upper Pottsgrove Twp., 2013 U.S. Dist. LEXIS 142372 at *4; Washington v. City of Philadelphia, No. 11-3275, 2012 U.S. Dist. LEXIS 3328, *13 (E.D. Pa. Jan. 11, 2012) (Dalzell, J.) (quoting Iqbal, 556 U.S. at 679) (granting Rule 12(b)(6) motion to dismiss, stating the court must "engage in a 'context-specific' inquiry that "requires [it] to draw on its judicial experience and common sense'" –

---

[8] See Pennsylvania Beauty Culture Law, 63 P.S. §§ 507 (defining "Cosmetology" to include "any and all work done for compensation by any person, which work is generally and usually performed by cosmetologists . . . .") and 508 ("It shall be unlawful for any person to do any of the following without having first obtained from the department a license or limited license as provided in this act: (1) To practice or teach cosmetology for compensation . . . .") (emphasis added).

[9] As noted above in Section II, Plaintiff specifically pleads that if the students provided services to the public without charge, or at a charge "that is the equivalent of the actual cost, if any, of the materials consumed in providing" the services, the students would not be employees under federal or state law and would not be entitled to compensation. (Compl. ¶¶ 52-54.)

"'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'"); Sunlight Elec. Contracting Co. v. Turchi, No. 08-5834, 2011 U.S. Dist. LEXIS 104192, *53-54 (E.D. Pa. Sept. 13, 2011) (Dalzell, J.) (granting Rule 12(b)(6) motion to dismiss unjust enrichment claim, finding insufficient plaintiff's allegations that the work performed by plaintiff for which it allegedly had not been paid "has enhanced the assets and financial worth of" defendant). Accordingly, Plaintiff cannot establish that she has a plausible claim for relief, and therefore, Plaintiff's FLSA and MWA claims should be dismissed.

C.    **Plaintiff's WPCL Claim in Count II of the Complaint Should be Dismissed With Prejudice Because Plaintiff Does Not Allege a Contract Between Plaintiff and Any Defendant for the Payment of Wages.**

The WPCL "provides employees a statutory remedy to recover wages and other benefits that are contractually owed to them." Oberneder v. Link Computer Corp., 696 A.2d 148, 150 (Pa. 1997) (emphasis added). The Third Circuit has recognized that the "WPCL does not create a right to compensation. Rather, it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages. The contract between the parties governs in determining whether specific wages are earned." Weldon v. Kraft, Inc., 896 F.2d 793, 801 (3d Cir. 1990). "Accordingly, a prerequisite for relief under the WPCL is a contract between employee and employer that sets forth their agreement on wages to be paid." Lehman v. Legg Mason, Inc., 532 F. Supp. 2d 726, 733 (M.D. Pa. 2007); see also Drummond v. Herr Foods, Inc., No. 13-5991, 2014 U.S. Dist. LEXIS 2409, *9 (E.D. Pa. Jan. 9, 2014) ("[T]he current state of the case law requires a plaintiff to establish a contractual obligation to compensation to state a WPCL claim.").

In her Complaint, Plaintiff does not allege the existence of any contract or agreement between Plaintiff and any Defendant, much less an agreement to pay wages. Indeed, the central dispute in this case – whether Plaintiff was an employee entitled to be paid wages – would not

exist if there was an agreement between Plaintiff and any Defendant for the payment of wages. Further, the Complaint specifically <u>disclaims</u> the existence of a verbal contract or other individual agreement between Plaintiff or any other student and any Defendant: "No violations alleged are a result of any oral communications or individualized interaction between any class member and defendants." (Compl. ¶ 26.)

Absent any factual allegation of an agreement to pay wages and a breach of that agreement, Plaintiff's WPCL claim fails as a matter of law. The sole basis for Plaintiff's WPCL claim is that "[d]efendants' alleged conduct has deprived all the class members who worked in defendants' for-profit salons in Pennsylvania of the wages <u>owed pursuant to Pennsylvania law</u>." (<u>Id.</u> ¶ 96 (emphasis added).) Because the WPCL only provides a remedy "when the employer breaches a contractual obligation to pay earned wages" (<u>Weldon</u>, 896 F.2d at 801), Plaintiff has failed to state a claim under the WPCL based on her allegation that Defendants had a <u>statutory obligation</u> to pay her wages. <u>See</u> <u>Lehman</u>, 532 F. Supp. 2d at 733 (granting motion to dismiss plaintiff's WPCL claim where plaintiff "failed to plead the existence of a contract between himself and any Defendant" and instead argued that defendant failed to pay wages "as mandated by federal and state law"); <u>Drummond</u>, 2014 U.S. Dist. LEXIS 2409 at *11 (same). Count II alleging a violation of the WPCL should be dismissed with prejudice.

**D.**      **Plaintiff's Complaint Should be Dismissed in its Entirety as to Defendant JMI Because Plaintiff Fails to Plead Any Facts Regarding JMI.**

Even if Plaintiff had pleaded facts sufficient to establish that she was an employee under federal or state law or that she had an employer-employee relationship with any Defendant, she unquestionably fails to plead <u>anything</u> regarding JMI. In the caption of the Complaint, Plaintiff lists JMI as one of three defendants. Plaintiff does not identify or describe JMI in the "Parties" section of the Complaint. (Compl. ¶¶ 9-14.) Nor does Plaintiff define or describe JMI anywhere

else in the Complaint. The Complaint does not list a principal place of business (or any other address) for JMI. The Complaint does not describe JMI's corporate form or the business in which it engages. Plaintiff does not even allege that she performed work for JMI and was not paid for it. Other than the caption, the only time JMI appears in the body of the Complaint is in the conclusory allegation that Defendant Lehman had "ownership and control of . . . Jean Madeline, Inc." (Id. ¶ 70.)

Thus, **Plaintiff has not pleaded a single fact as to JMI**, much less facts sufficient to establish an employer-employee relationship between herself and JMI or any other required element of her claims.[10] This glaring omission falls well short of stating a plausible claim for relief against JMI, and the Court should dismiss the Complaint in its entirety as to Jean Madeline, Inc., with prejudice.

**E.     Plaintiff's FLSA and MWA Claims in Counts I and III of Plaintiff's Complaint Should be Dismissed as to Defendant Lehman Because Plaintiff Fails to Plead Facts Sufficient to Show That Lehman was an Employer Under the FLSA or MWA.**

As noted above, only a person or entity who is an "employer" as defined by the FLSA can be liable under the FLSA. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).[11]

Courts have recognized that the "'overarching concern' when determining whether an individual defendant is an 'employer' under the FLSA 'is whether the alleged employer possessed the power to control the works in question . . . with an eye to the 'economic reality'

---

[10]  Instead, Plaintiff attempts to obfuscate the lack of any claim against JMI by appearing to sweep JMI within the broad (and undefined) term "defendants" that she litters throughout her Complaint.

[11]  The MWA defines an "employer" to include "any individual, partnership, association, corporation, business trust, or any person or group of persons acting, directly or indirectly, in the interest of an employer in relation to any employe." 43 P.S. § 333.103(g).

presented by the facts of each case.'" Montero v. Brickman Group, Ltd., No. 12-2535, 2012

U.S. Dist. LEXIS 121679, *4 (D.N.J. Aug. 28, 2012) (quoting Herman v. RSR Sec. Servs. Ltd.,

172 F.3d 132, 139 (2d Cir. 1999)). The economic reality test is centered on "operational control"

(id. at *4-5): "whether the alleged employer (1) had the power to hire and fire the employees, (2)

supervised and controlled employee work schedules or conditions of employment, (3)

determined the rate and method of payment, and (4) maintained employment records." Herman,

172 F.3d at 139. The test "also considers whether the individual defendant has undertaken

'managerial responsibilities' relating to the corporation or exerted 'substantial control' over its

operation." Montero, 2012 U.S. Dist. LEXIS 1212679 at *5 (citing Falk v. Brennan, 414 U.S.

190, 195 (1973)).[12]

Plaintiff pleads no facts to meet the economic reality test, but instead alleges only a

hodgepodge of legal conclusions and unsupported inferences. As is the case throughout her

Complaint, Plaintiff eschews specific facts in favor of labels and conclusory statements.

Although Plaintiff labels a 16-paragraph section of the Complaint "How the Relevant Facts

Render Defendant Lehman Legally Responsible for the Plaintiff's Claims" (Compl. ¶¶ 70-85.),

her allegations in that section fail to fulfill that promise. Plaintiff does not plead a single fact

establishing any of the elements of the economic reality test set forth above. Nowhere does she

allege facts that would establish that Lehman: had the power to "hire and fire" anyone, much

less the students; supervised and controlled student schedules and conditions; maintained

employment, or any other, records; or undertook any managerial responsibilities with respect to

the School.

---

[12] The individual liability analysis under the MWA is the same analysis as under the FLSA. Scholly v. JMK Plastering, Inc., No. 07-4998, 2008 U.S. Dist. LEXIS 49958, *10 (E.D. Pa. June 27, 2008).

Instead, Plaintiff identifies Lehman as "the managing officer, owner and principal of Jean Madeline Aveda Institute" (id. ¶ 12.) and makes the unsupported allegation that Lehman had "ownership and control of the Jean Madeline Aveda Institute, Jean Madeline, Inc. and Jean Madeline Education Center of Cosmetology, Inc."[13] (Id. ¶ 70; see also id. ¶ 72 (alleging Lehman's "ownership and/or control of the other defendants").) Plaintiff also states the legal conclusions, without any supporting facts, that Lehman:

- "was empowered to make, and did make, the decision to have the Jean Madeline Aveda Institute implement and/or continue the defendants' practices that created an employer/employee relationship between defendants and plaintiff and the other members of the collective action and class action for the purposes of the FLSA and Pennsylvania state minimum wage laws";[14] (id. ¶ 70.)

- "could have, but did not, make the decision to have the Jean Madeline Aveda Institute discontinue the unlawful practices alleged herein"; (id. ¶ 72.) and

- "created and directed the practices which created an employer and employee relationship with members of the collective action and class." (id. ¶ 74.)

In addition, Plaintiff states in conclusory fashion that Lehman "directed that Jean Madeline Aveda Institute and the other defendants would: (a) operate for-profit salons, charging members of the public more than the costs of the materials consumed for salon personal services; and (b) not pay wages to members of the collective action and class for the labor they were required to perform at these for-profit salons." (Id. ¶ 75.)

Based on these bare conclusions, Plaintiff proclaims that "Defendant Samuel Lehman can properly be deemed an 'employer' or co-employer of plaintiff and the members of the collective

---

[13] This allegation is further evidence of Plaintiff's failure to plead an employment relationship with any one defendant, as she appears to allege the existence of three entities, whereas the caption names two entity defendants and there is only one entity defendant identified in the "Parties" section of the Complaint. (See Compl. ¶¶ 10-11.)

[14] Incredibly, Plaintiff seeks to establish an employer-employee relationship with Lehman by alleging that Lehman created the employer-employee relationship. This is no more than circular reasoning to reach a legal conclusion in the absence of any supporting facts.

action and class action within the meaning of the FLSA and Pennsylvania state law, in that

Defendant Samuel Lehman was acting as a decision making 'agent of an employer,' was the

controlling person of the Jean Madeline Aveda Institute, and the beneficial owner of same, with

the power to implement, continue and/or terminate the illegal policies and practices that are

alleged herein."  (Id. ¶ 83.)[15]  However, such stark allegations of "ownership and control" are

precisely the type of allegations that courts have held do not provide the level of factual

specificity required to survive a motion to dismiss.  For example, in Montero, 2012 U.S. Dist.

LEXIS 121679 at *6, the court granted a Rule 12(b)(6) motion to dismiss the plaintiff's FLSA

claim against the individual defendant where the plaintiff alleged that defendant "controls and

manages the terms and conditions of employment for employees . . . including but not limited to

their compensation and continued employment."  The court held that because the allegations

"without reference to specific facts, mirror[] the factors of the economic realities test," they were

"insufficient."  Id. at *7.

Similarly, in Tracy v. NVR, Inc., 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009), the court

granted a Rule 12(b)(6) motion to dismiss FLSA claims against an individual defendant where

the plaintiffs alleged "no facts concerning the extent of [defendant's] alleged involvement in [the

company's] hiring and/or firing processes or record-keeping policies," and offered only

---

[15]  Plaintiff also makes several conclusory allegations in an apparent attempt to establish a willful
violation of the FLSA.  Plaintiff alleges that "Lehman became aware, at least three years prior to the
commencement of this action, that the salon personal services business of the defendants" both "was an
important and profitable business activity of the Jean Madeline Aveda Institute which generated a profit
for defendants which was separate and apart from the tuition collected by defendants in their educational
services business" and "relied upon the unpaid labor provided by the collective action/class members to
generate such a profit for defendants."  (Id. ¶¶ 77-78.)  According to Plaintiff, notwithstanding this
knowledge, Lehman "made no attempt to ascertain whether the defendants' use of unpaid labor in their
salon personal services business was in compliance with the FLSA or the Pennsylvania state minimum
wage laws" and "made no attempt to change the defendants' practice of using uncompensated student
labor in a profit-making salon personal services business."  (Id. 81-82.)  These allegations that Lehman
knew about and made no attempt to stop alleged unlawful practices fail to demonstrate individual liability
under the FLSA.

"attenuated" allegations that the individual defendant's "exercise of his supposed policy-setting powers as the Director of Human Resources in some way 'support[ed],' or indirectly impacted" the individual defendant's "level of control, if any, over their work schedules, conditions of employment, and compensation." Id. The court held that "mere boilerplate allegations that an individual meets the various prongs of the economic reality test . . . without any supporting details – essentially 'a formulaic recitation of the elements of a cause of action' – are insufficient to raise plaintiffs' right to relief 'above a speculative level' with respect to that individual's liability as an employer under the FLSA." Id.; see also Wright v. Lehigh Valley Hosp. & Health Network, No. 10-431, 2011 U.S. Dist. LEXIS 68012, *9-10 (E.D. Pa. June 23, 2011) (denying plaintiff's attempt to amend complaint to allege FLSA claim against individual defendants, evaluated under same standard as Rule 12(b)(6) motion to dismiss, where plaintiff "pleads only that the proposed new defendants are FLSA employers because they have 'operational control' of the institutional defendants and are 'ultimately responsible' for ensuring their compliance with the FLSA" because "'[o]perational control' and 'ultimate responsibility' are not facts; they are legal conclusions utterly devoid of any factual basis asserted to support the beliefs pled").[16]

Here, Plaintiff pleads only legal conclusions as to Defendant Lehman in an attempt to establish individual liability without alleging any underlying facts. This Court properly has recognized that allegations are conclusory where they "express[] . . . factual inference[s] without

---

[16] See also Soles v. Zartman Constr., Inc., No. 13-0029, 2013 U.S. Dist. LEXIS 43669, *17 (M.D. Pa. Mar. 8, 2013), adopted by 2013 U.S. Dist. LEXIS 41646 (M.D. Pa. Mar. 25, 2013) (recommending Rule 12(b)(6) dismissal of FLSA and MWA claims against individual defendant where plaintiff failed to allege facts that would establish elements of the economic reality test, and instead alleged only that the individual defendant "was an agent of Defendant and at all times relevant herein directly or indirectly, directed, aided, abetted, and/or assisted with executing policies and practices of [company defendant] which resulted in Defendants allegedly failing to pay Named Plaintiffs and Plaintiffs proper compensation pursuant to the FLSA"); Attanasio v. Wyoming Valley Health Care Sys., 863 F. Supp. 2d 417, 424 (M.D. Pa. 2012) ("Squarely on the conclusory side of the spectrum are assertions that individual defendants exerted ''operational control' of the institutional defendants and [were] 'ultimately responsible' for ensuring their compliance with the FLSA.'").

stating the underlying facts on which the inference[s] [are] based." <u>Washington v. City of Philadelphia</u>, No. 11-3275, 2012 U.S. Dist. LEXIS 3328, *20-21 (E.D. Pa. Jan. 11, 2012) (Dalzell, J.) (quoting Black's Law Dictionary 329 (9th ed. 2009)). Accordingly, Plaintiff's claims for individual liability under the FLSA and MWA fail as a matter of law, and Counts I and III should be dismissed as to Defendant Lehman.

## V. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court: (1) dismiss Plaintiff's FLSA and MWA claims without prejudice as to all Defendants; (2) dismiss Plaintiff's Wage Payment and Collection Law claim with prejudice; and (3) dismiss all claims against Defendant Samuel Lehman without prejudice.

Respectfully submitted,

/s/ Christopher D. Durham
Caroline M. Austin, Esquire
Christopher D. Durham, Esquire
Duane Morris LLP
30 S. 17th Street
Philadelphia, PA 19103
(215) 979-1000

Edward M. Cramp, Esquire (*pro hac vice*)
Duane Morris LLP
750 B Street, Suite 2900
San Diego, CA 92101
(619) 744-2200

*Attorneys for Defendants*

Date: January 17, 2014

DM2\4669845.8

## <u>CERTIFICATE OF SERVICE</u>

I, Christopher D. Durham, hereby certify that on January 17, 2014, a true and correct copy of the foregoing Defendants' Motion to Dismiss Plaintiff's Complaint, with accompanying Memorandum of Law, was electronically filed with the Court and is available for viewing and downloading from the ECF System. All counsel of record were served via electronic notification.

/s/ Christopher D. Durham
Christopher D. Durham, Esquire